COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 NAZARETH HALL NURSING CENTER,
  
                             Appellant,
  
 v.
  
  
 MARIA GUADALUPE CASTRO,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00205-CV
  
 Appeal from the
  
 448th
 District Court
  
 of El
 Paso County, Texas
                                                     
 (TC#2011-1373)
  
 
 


 

                                                                  O
P I N I O N

Nazareth Hall Nursing Center appeals the trial
court’s denial of its motion to reconsider an order denying its motion to
compel arbitration.  We dismiss the
appeal for want of jurisdiction.

FACTUAL AND
PROCEDURAL BACKGROUND

Nazareth Hall employed Maria Guadalupe Castro from 1974 until
February 2009.  In 2006, Castro received an employee
handbook and signed the “Employee Acknowledgment and Arbitration Agreement”
(the agreement) attached to the handbook.  Although a signature line for Nazareth Hall
appears on the agreement, Nazareth Hall is not a signatory to the
agreement.  Castro’s signature
acknowledged that she received and read the introduction to the handbook.  She also acknowledged and understood that an
arbitration policy required any controversy or claim arising out of her
employment to be settled by binding arbitration.  In the agreement signed by Castro, Nazareth Hall reserved the right to
change any of the policies or procedures in the handbook at any time, with or
without notice, and with or without cause.[1]

On February 25, 2009, Castro was placed on an involuntary leave of
absence at work due to Nazareth Hall’s determination that Castro had too many
work limitations due to a medical condition. 
Castro was never allowed to return to work after that date.  In April 2009, Castro filed complaints with
the Equal Employment Opportunity Commission and Texas Workforce
Commission.  The Commission granted
Castro a notice of right to file suit based on its determination that there was
reasonable cause to believe that Nazareth Hall discriminated against Castro
based on her disability or record of disability.  Castro filed suit for age and disability discrimination
and retaliation.

Nazareth Hall moved to compel arbitration.  In her response to the motion, Castro asserted
that Nazareth Hall failed to show that the agreement met all the required
contract elements.  She argued that no
enforceable arbitration agreement existed because the agreement was
illusory.  In addition, Castro contends
that Nazareth Hall cannot compel arbitration because it did not sign the
agreement.  The trial court denied
Nazareth Hall’s motion to compel without stating the grounds for denial.  Instead of appealing immediately, Nazareth Hall
filed a motion to reconsider the order denying its motion to compel.  The trial court denied the motion to
reconsider.  This appeal followed.

DISCUSSION

Order Denying
Motion to Reconsider Order Denying Motion to Compel Arbitration

Nazareth Hall’s notice of appeal states that it is appealing the
trial court’s order denying its motion to reconsider pursuant to section 51.016
of the Texas Civil Practice and Remedies Code. 
See Tex. Civ. Prac. & Rem. Code Ann. § 51.016 (West Supp.
2011).  In a single issue on appeal,
Nazareth Hall asks this Court to determine whether the trial court erred in denying
its motion to compel arbitration and its motion to reconsider.

Castro responds that this Court does not have jurisdiction over
the appeal.  She asserts that the trial
court’s order denying Nazareth Hall’s motion to reconsider is not an appealable
order under Section 51.016 and Section 16 of the Federal Arbitration Act (FAA).  See Tex. Civ. Prac. & Rem. Code Ann. §
51.016 (West Supp. 2011); 9 U.S.C.A. §§1-16 (West 2009).  Nazareth Hall has not responded to the
jurisdiction issue.

Appellate
Jurisdiction

An appeal from an interlocutory order is an accelerated appeal.  Tex. R.
App. P. 28.1(a).  To timely
perfect an accelerated appeal, the notice of appeal must be filed within twenty
(20) days after the judgment or order is signed unless otherwise authorized by
statute or as extended as permitted by the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 26.1(b), 26.3; In re K.A.F., 160 S.W.3d 923, 927 (Tex.
2005).

If a matter is subject to the Federal Arbitration Act (FAA), Section
51.016 of the Texas Civil Practice and Remedies Code authorizes interlocutory
appeals “to the court of appeals from the judgment or interlocutory order of a
district court . . . under the same circumstances that an appeal from a federal
district court’s order or decision would be permitted by 9 U.S.C. Section 16.”  Tex.
Civ. Prac. & Rem. Code Ann. § 51.016 (West Supp. 2011); J.B. Hunt Transp., Inc. v. Hartman, 307
S.W.3d 804, 808 n.3 (Tex. App. – San Antonio 2010, no pet.) (§ 51.016 applies
to appeals filed after September 1, 2009). 
Section 16 of the FAA provides:

(a) An appeal may be taken from—

 

(1) an order—

 

(A) refusing a stay of any
action under section 3 of this title,

 

(B) denying a petition under section 4 of this title to
order arbitration to proceed,

 

(C) denying an application under section 206 of this title
to compel arbitration,

 

(D) confirming or denying
confirmation of an award or partial award, or

 

(E) modifying, correcting, or
vacating an award;

 

(2) an interlocutory order granting, continuing, or
modifying an injunction against an arbitration that is subject to this title;
or

 

(3) a
final decision with respect to an arbitration that is subject to this title.

 

9 U.S.C.A. § 16 (West 2009). 


We strictly construe statutes authorizing
interlocutory appeals because they are a narrow exception to the general rule
that interlocutory orders are not immediately appealable.  CMH Homes v. Perez, 340
S.W.3d 444, 447-48 (Tex. 2011).  Our
interlocutory jurisdiction is controlled by the substance and function of the order
being appealed. Texas La Fiesta Auto
Sales, LLC v. Belk, 349 S.W.3d 872, 878 (Tex. App. – Houston [14th Dist.]
2011, no pet.).

Texas courts have found that an appeal from a
trial court’s order denying a motion to reconsider is not permitted under Section
51.016 of
the Texas Civil Practice and Remedies Code and Section 16 of the
FAA.  See
Wells Fargo Bank, N.A. v. Goldberg, No. 09-10-00386-CV, 2011 WL 662952, at
*2 (Tex. App. – Beaumont February 24, 2011, no pet.) (§ 51.016 appeal from
denial of motion to reconsider an order denying motion to compel arbitration
dismissed for want of jurisdiction); Nabors
Well Services Company v. Aviles, No. 06-10-00018-CV, 2010 WL 2680087, at
*1-2 (Tex. App. – Texarkana July 7, 2010, no pet.) (§ 51.016 appeal from denial
of amended motion to compel arbitration dismissed for want of jurisdiction and
concluding that the amended motion to compel was in substance a motion to
reconsider); Hydro Management Systems,
LLC v. Jalin, Ltd., No. 04-09-00813-CV, 2010 WL 1817813, at *1-2 (Tex. App.
– San Antonio May 5, 2010, no pet.) (dismissing appeal under § 51.016 for want
of jurisdiction because while order denying a motion to compel arbitration is
appealable under Section 16 of the FAA, an order denying a motion to reconsider
was not independently appealable).

Analysis

In a recent decision, we faced a similar
argument.  Lucchese, Inc. v. Solano, No. 08-11-00101-CV, 2012 WL 2409659 (Tex.
App. -- El Paso Jun. 27, 2012, no pet. h.). 
Like Nazareth Hall, Lucchese moved to compel arbitration which Solano
opposed arguing that the agreement was illusory because Lucchese could
unilaterally amend the agreement.  Id. at *1.  The trial court denied the motion to
compel.  Id.  Lucchese filed an
amended motion to compel arbitration based on an entirely different arbitration
agreement.  Id.  Solano moved to strike
the amended motion which the trial court granted.  Id. at
*2.  On appeal, Solano argued that we lacked
jurisdiction because the amended motion to compel was actually a motion to reconsider
the trial court’s previous denial of Lucchese’s motion to compel.  Id. at
*3. 
We explained that because Lucchese based its amended motion to
compel arbitration on an entirely new arbitration agreement, it was not asking
the court to merely reconsider its prior ruling and because the order to strike
was the functional equivalent of an order denying the amended motion, we
concluded that we had jurisdiction to review the interlocutory order under
Section 51.016 of the Texas Civil Practice and Remedies Code and Section 16 of
the FAA.  Id.

The instant case is distinguishable for the
following reasons.  Here, the trial court
denied Nazareth Hall’s motion to compel arbitration on May 5, 2011.  Nazareth Hall’s notice of appeal was due to
be filed on May 25, 2011, twenty days after the order denying the motion to
compel arbitration was signed.  See Tex. R. App. P. 26.1(b).  Instead of immediately filing an appeal,
Nazareth Hall filed a motion to reconsider on May 20, 2011, which was denied on
June 24, 2011.  On July 11, 2011,
Nazareth filed a notice of appeal, within twenty days of the date the trial
court denied its motion to reconsider.  We
strictly construe statutes authorizing interlocutory appeals.  CMH
Homes, 340 S.W.3d at 447-48; Texas La
Fiesta Auto Sales, 349 S.W.3d at 878. 
The relevant provisions of the FAA setting forth when an interlocutory
appeal is permitted refer only to orders denying an application to compel
arbitration and not to motions to reconsider. 
See 9 U.S.C.A. § 16(a) (West 2009).  Therefore, we conclude that the order
denying Nazareth Hall’s motion to reconsider is not independently appealable
under the FAA, and thus, is not an appealable order under section 51.016 of the
Texas Civil Practice and Remedies Code.  See Tex. Civ. Prac. &
Rem. Code Ann. § 51.016 (West Supp. 2011) (interlocutory appeals may be
taken under the same circumstances that an appeal from a federal court’s order
is permitted under the FAA).  

Nazareth Hall had an opportunity to appeal
the denial of its motion to compel arbitration, but it chose not to.  As a result, the deadline for perfecting an
accelerated appeal has passed.  See Tex. R. App. P. 26.1(b).  Here, the motion to reconsider is based on
the same arbitration agreement which was the subject of the motion to compel
and to allow an appeal of the order denying reconsideration would, in effect,
permit two appeals.  Because Nazareth
Hall failed to perfect its appeal within the requisite time from the order
denying its motion to compel arbitration and because it appealed the motion to
reconsider, which is not an appealable order under Section 16 of the FAA and Section 51.016, we conclude
that we do not have jurisdiction to consider this appeal.  See Wells Fargo Bank, No. 09-10-00386-CV, 2011
WL 662952; Nabors Well Services Company,
No. 06-10-00018-CV, 2010 WL 2680087; Hydro
Management Systems, No.
04-09-00813-CV, 2010 WL 1817813.  Accordingly, we dismiss the appeal for want of
jurisdiction.  Id.

 

                                                                        GUADALUPE
RIVERA, Justice

June 29, 2012

 

Before McClure, C.J., Rivera, J., and Chew, C.J., (Senior)

Chew, C.J., (Senior), sitting by assignment

 











[1]
In May 2009, Nazareth Hall made modifications to its arbitration policy.  Specifically, it separated the arbitration
agreement from the employee acknowledgment form and added language providing
that any change in the arbitration provisions would only apply prospectively.