**FITNESS ENTERTAINMENT
LTD., Appellant,**

v.

**Brian HURST, Appellee.**

No. 08-15-00262-CV

Court of Appeals of Texas,
El Paso.

September 6, 2017

ment of one cause, or consolidation of both causes, etc.

Hon. Enrique Chavez Jr., 2101 N. Stanton St., El Paso, TX 79902, for Appellee.

Hon. Jose A. Howard-Gonzalez, Kemp Smith LLP, 221 North Kansas, Suite 1700, El Paso, TX 79901-1441, for Appellant.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

ANN CRAWFORD McCLURE, Chief Justice

Brian Hurst filed an employment discrimination and retaliation suit against Fitness Entertainment, Ltd. doing business as Planet Fitness. The trial court heard and denied Planet's motion to stay proceedings and compel arbitration. Planet appeals the trial court's denial of its motion, and complains that the trial court provided insufficient notice that an evidentiary hearing would be conducted.

### FACTUAL SUMMARY

Planet filed its motion to stay proceedings and compel arbitration on June 15,

2015. Affixed to its motion is a document entitled, "Employment, Non-Competition Agreement and Arbitration Agreement." The last page of the document bears only Hurst's printed name as "employee," a signature, a black box positioned over a line for a social security number, and information consisting of an address, telephone numbers, and emergency contact person. The last page also bears an unsigned signature block for "Gym Management Corp., and/or JB4 Fitness Management, Ltd., d/b/a Planet Fitness® ('EMPLOYER')" followed by the name and signature line for "Joseph Bencomo," which is unsigned, and a line for inserting a date, which is blank. On July 7, 2015, the trial court set a hearing on the motion for July 16, 2015.

At 5:37 p.m. on July 15, 2015, Hurst filed his response. He asserted that he did not at any time during his employment acknowledge or agree to the purported arbitration agreement, and refuted its existence and validity. He also alleged that Planet had failed to satisfy its burden of establishing the existence of a valid arbitration agreement pursuant to traditional contract principles, and objected on grounds of lack of authenticity, hearsay, and the best evidence rule because Planet had not produced the original document that Hurst had purportedly executed.

In support of his response, Hurst affixed his sworn affidavit in which he attested that during the period of his employment he did not sign an arbitration agreement. Referring to the "Employment, Non-Competition Agreement and Arbitration Agreement" attached to the motion to compel, Hurst declared that although his signature appears on the last page of the document, the pages preceding his signature are "replacements of some other document" he signed and that "someone attached the last page with my signature to the purported arbitration agreement" that he had not signed. Hurst noted that the documents he signed had a larger heading on the first page, greater spacing between the lines, and did not include an arbitration agreement.

At the hearing, Planet argued that the arbitration agreement was subsumed within the larger employment agreement, and that Hurst's affidavit was insufficient to show that he did not agree to arbitrate his claims. Planet also noted that its motion included an affidavit from another employee who swore that the arbitration agreement is signed by all employees and was signed by Hurst. Counsel represented to the trial court that there is no other agreement signed by Hurst and that Hurst had presented no evidence that the arbitration provisions had been inserted into another document Hurst had signed. Planet did not call any witnesses.

In response, Hurst's counsel referred the trial court to Section 171.021(b) of the Civil Practice and Remedies Code, and noted that if the non-movant produces evidence controverting the existence of a valid arbitration agreement, the trial court is required to conduct an evidentiary hearing. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.021(b)(West 2011). Counsel then announced that he intended to call Hurst to testify. He also lodged objections based on hearsay and the best evidence rule because Planet had failed to present the original document.

Planet countered that hearings to compel arbitration track those of a motion for summary judgment. If a material fact is at issue, the trial court may conduct an evidentiary hearing. It then argued that this hearing was not evidentiary in nature. Hurst had not presented evidence to support his hearsay objection, and the affidavit was made on the personal knowledge of the affiant. The trial court sustained the hearsay objection and explained, "If

there's an exception, that's how you get it in." The trial court then noted:

> What I'm hearing is—he is saying, ["]We've raised evidence contesting the admission of that affidavit.["] You say, at that point, ["]it warrants an evidentiary hearing.["]

To this, Planet responded, "Right." Planet then argued that Hurst had not presented evidence contesting the fact that he had signed the arbitration agreement. The trial court observed, "I'm assuming he's going to contest it. You know what? Just do it."

Planet lodged no objection in advance of Hurst's testimony. Hurst testified that Planet had never presented an arbitration agreement to him and that he had never signed one. Although he acknowledged that his signature appeared on the last page of the document, he claimed that he had signed a different document. In short, Hurst claimed that the signature on the document was a forgery.

After Hurst had testified and prior to cross-examination, Planet objected to the admission of evidence and complained that it had not had an opportunity to present witnesses. Nonetheless, without seeking or obtaining a ruling, counsel then remarked, "But I'm happy to move forward since the Court certainly does. I just want to put my objection on the record." *See* TEX. R. APP. P. 33.1(a). The following colloquy then occurred:

> THE COURT: That you didn't think you would need to call witnesses and then—
>
> [PLANET FITNESS]: Correct, Judge. I understood this to be—
>
> THE COURT: This is a motion to compel arbitration.
>
> [PLANET FITNESS]: Right, which is to be—
>
> THE COURT: Your motion to compel arbitration.

> [PLANET FITNESS]: Correct, Judge.
>
> THE COURT: I know it's correct. I'm looking at the docket.
>
> [PLANET FITNESS]: As I understood the process from the Texas Supreme Court is that the parties submit affidavits, which they did in this case. And if the court does decide that there's a material issue fact dispute, then the court is to hold an evidentiary hearing.
>
> THE COURT: You don't think there's a material issue of fact here in dispute?
>
> [PLANET FITNESS]: Not based on his affidavit, Your Honor.
>
> THE COURT: All right.

Planet then cross-examined Hurst. When asked whether his handwriting was on the first page and whether the name on that page was in his handwriting, Hurst answered they were not. He acknowledged that on the last page of the document, his street address, city, cell phone number, and printed name were in his handwriting, and that his signature appeared on the page as well. Hurst also acknowledged that he did not have a copy of the other document he had referenced, but described it as:

> [A] summary of my employment with the contingency of a 90-day probation, where if I passed that, then—if I didn't, they could terminate me at any time. Along with—there [were] some pages, copies of my handbook, copies of sexual harassment guides, direct deposit, gym code and conduct, things of that nature. . . . [a]nd things of—just like a noncompetition, but nothing of an arbitration agreement whatsoever.

After Planet announced, "No further questions," the trial court asked, "Anything further?" Planet did not respond, and Hurst answered, "No[.]" The trial court denied the motion.

## FAILURE TO CONDUCT EVIDENTIARY HEARING

■ In its sole issue on appeal, Planet asserts the trial court abused its discretion when it failed to conduct an evidentiary hearing. We review a trial court's decision to grant or deny a motion to compel arbitration for an abuse of discretion. *Wright v. Hernandez*, 469 S.W.3d 744, 750 (Tex. App.—El Paso 2015, no pet.). We defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009); *Wright*, 469 S.W.3d at 750. We will reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Wright*, 469 S.W.3d at 750; *Lucchese, Inc. v. Rodriguez*, 388 S.W.3d 354, 361 (Tex.App.—El Paso 2012, no pet.)(citing *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007)).

■ The burden of establishing the existence of an arbitration agreement is evidentiary and runs with the party seeking to compel arbitration. *United Rentals, Inc. v. Smith*, 445 S.W.3d 808, 812 (Tex. App.—El Paso 2014, no pet.). Arbitration cannot be ordered in the absence of an agreement to arbitrate. *Freis v. Canales*, 877 S.W.2d 283, 284 (Tex. 1994)(orig. proceeding)(per curiam). The movant must establish both the existence of a valid arbitration agreement and a dispute within the scope of that agreement. *Rachal v. Reitz*, 403 S.W.3d 840, 843 (Tex. 2013).

■ Despite the existence of a strong presumption favoring arbitration, the presumption arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists. *IHS Acquisition No. 131, Inc. v. Iturralde*, 387 S.W.3d 785, 790 (Tex.App.—El Paso 2012, no pet.) (citing *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003)). We neither resolve doubts nor indulge a presumption in favor of arbitration in deciding whether a party has met its initial burden. *Id.* (citing *J.M. Davidson, Inc.*, 128 S.W.3d at 227). Rather, the party attempting to compel must show that the arbitration agreement meets all requisite contractual requirements. *Id.* (citing *J.M. Davidson, Inc.*, 128 S.W.3d at 228). If the trial court determines that a valid agreement exists, the burden then shifts to the party opposing arbitration to raise an affirmative defense to enforcement. *Id.* (citing *J.M. Davidson, Inc.*, 128 S.W.3d at 227-28).

■ Section 171.021 governs proceedings to compel arbitration. TEX. CIV. PRAC. & REM. CODE ANN. § 171.021. If a party opposing a motion to compel denies the existence of the agreement, the trial court shall summarily determine the issue. *Id.* § 171.021(b). In *Jack B. Anglin v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992), the Texas Supreme Court defined the proper circumstances under which a trial court should hold a full evidentiary hearing for the purpose of ruling on a motion to compel arbitration:

> Because the main benefits of arbitration lie in expedited and less expensive disposition of a dispute, and the legislature has mandated that a motion to compel arbitration be decided summarily, we think it unlikely that the legislature intended the issue to be resolved following a full evidentiary hearing in all cases. We also envision that the hearing at which a motion to compel arbitration is decided would ordinarily involve application of the terms of the arbitration agreement to undisputed facts, amenable to proof by affidavit. With these considerations in mind, we hold that the trial court may summarily decide wheth-

er to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. However, if the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts.

*See also In re Poly–Am., L.P.,* 262 S.W.3d 337, 354 (Tex. 2008). The Fourteenth Court of Appeals has also addressed the procedures for enforcing an arbitration agreement:

> The party alleging an arbitration agreement must present complete summary proof of his "case in chief" that an agreement to arbitrate requires arbitration of the issues in dispute. If that summary proof intrinsically raises issues about the procedural enforceability of the agreement, the movant's summary proof should include any evidence that resolves those issues without creating an issue of material fact. Naturally, the non-movant, to resist summary arbitration, needs only to raise an issue of material fact about a necessary element of its opponent's "case in chief" or present some evidence supporting every element of a defensive claim that there is no enforceable agreement to arbitrate. If the movant has proven there is an arbitration agreement, as a matter of law, the court must compel arbitration, and a presumption arises that all disputed issues between the parties must be arbitrated. If issues of material fact remain about whether there is an enforceable agreement to arbitrate, the trial court must *promptly* allow the party claiming the right to arbitrate an evidentiary hearing on the matter.

*In re Jebbia,* 26 S.W.3d 753, 756–57 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding)(citations omitted, emphasis added); *In re Bunzl USA, Inc.,* 155 S.W.3d 202, 208 (Tex.App.—El Paso 2004, orig. proceeding); *see also Nabors Drilling USA, L.P. v. Carpenter,* 198 S.W.3d 240, 246 (Tex.App.—San Antonio 2006, no pet.)(where written response did not controvert or raise objection to movant's exhibits, trial court did not err as it was not required to conduct an evidentiary hearing and properly considered movant's summary proof); *Kmart Stores of Texas, L.L.C. v. Ramirez,* 510 S.W.3d 559, 565 (Tex.App.—El Paso 2016, pet. denied)(if resisting party contests existence of arbitration agreement and through affidavits or other evidence generally admissible in a summary proceeding raises genuine issues of material fact, trial court must forego summary disposition and hold evidentiary hearing). This procedure is similar to that for a motion for partial summary judgment and is subject to the same evidentiary standards.[1] *In re Jebbia,* 26 S.W.3d at 756–57. We hold firm to our assessment that this is the correct procedure to be followed in addressing a material fact issue about the existence of an enforceable agreement to arbitrate.

■ On appeal, Planet concedes that the parties' competing affidavits created a dispute of material fact which required the trial court to hear evidence and it is clear from the record that the trial court viewed the hearing as being evidentiary in nature. Planet suggests that this is a two-step procedure. The first step is a hearing on the motion to compel which is confined to argument. If Hurst raised a material fact issue regarding the existence of an arbitration agreement, the court would move to

---

1. This procedure also differs from that for summary judgment, which expressly bars the presentation of oral testimony at the hearing.

TEX. R. CIV. P. 166a(c)("No oral testimony shall be received at the hearing.").

the second step—issue an order setting an evidentiary hearing. This argument is flawed for two reasons. First, Planet did not object to Hurst's testimony or its own lack of opportunity to present witnesses until after Hurst had testified on direct examination. *See* Tex. R. App. P. 33.1(a). Second, it did not request a continuance to be allowed to proffer evidence. Indeed, Planet plainly announced it would acquiesce to the court's wishes. After Planet passed the witness, the trial court inquired whether there was "[a]nything further?" Planet did not respond.

We conclude the trial court properly conducted an evidentiary hearing after it was presented with competing affidavits which raised a genuine issue of material fact regarding the existence of a valid arbitration agreement. On this record, we are unable to conclude that the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Wright*, 469 S.W.3d at 750; *Lucchese, Inc.*, 388 S.W.3d at 361 (citing *Low*, 221 S.W.3d at 614). We overrule the sole issue and affirm the trial court's judgment.

Hughes, J., not participating