**TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN**

---

**NO. 03-19-00021-CV**

---

**Hi Tech Luxury Imports, LLC, Appellant**

**v.**

**Townsend L. Morgan, Jr., Appellee**

---

**FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-18-002579,
THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING**

---

**M E M O R A N D U M   O P I N I O N**

Appellant Hi Tech Luxury Imports, LLC (Hi Tech), appeals from the district court's order denying its motion to compel arbitration under the Federal Arbitration Act (FAA). We will affirm the district court's order.

**BACKGROUND**

Appellee Townsend L. Morgan, Jr., filed suit against Hi Tech, his former employer, alleging wrongful termination and age discrimination in violation of Chapter 21 of the Texas Labor Code. *See* Tex. Lab. Code § 21.051. After the case had been set for a jury trial, Hi Tech filed a motion to compel arbitration. In the motion, Hi Tech asserted that the parties had executed an agreement to arbitrate, and that Morgan's claims fell within the scope of that agreement. Morgan filed a response in opposition, arguing that the arbitration agreement was

invalid because Hi Tech had failed to sign it. Following a hearing on the matter, the district court denied the motion to compel arbitration. This interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code § 51.016.

## STANDARD OF REVIEW

"We review a trial court's order denying a motion to compel arbitration for abuse of discretion." *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018) (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 642–43 (Tex. 2009)). "We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo." *Id*. A party seeking to compel arbitration under the FAA must establish that (1) there is a valid arbitration agreement, and (2) the claims in dispute fall within that agreement's scope. *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011). "Whether parties have agreed to arbitrate is a gateway matter ordinarily committed to the trial court and controlled by state law governing 'the validity, revocability, and enforceability of contracts generally.'" *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 631 (Tex. 2018) (quoting *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009)). No presumption of arbitration exists until "after the party seeking to compel arbitration proves that a valid arbitration agreement exists." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). "The burden of establishing the existence of an arbitration agreement is evidentiary and runs with the party seeking to compel arbitration." *Fitness Entm't Ltd v. Hurst*, 527 S.W.3d 699, 703 (Tex. App.—El Paso 2017, pet. denied).

## DISCUSSION

"Under Texas law, a binding contract requires: '(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent

to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding.'" *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 689 (5th Cir. 2018) (quoting *In re Capco Energy, Inc.*, 669 F.3d 274, 279-80 (5th Cir. 2012)).  The only question in this case is whether the parties intended that the arbitration agreement be mutual and binding, despite Hi Tech's failure to sign the agreement.

"Contracts require mutual assent to be enforceable." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007).  "Evidence of mutual assent in written contracts generally consists of signatures of the parties and delivery with the intent to bind." *Id.*; *New York Party Shuttle, LLC v. Bilello*, 414 S.W.3d 206, 214 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).  However, "while signature and delivery are often evidence of the mutual assent required for a contract, they are not essential." *Phillips v. Carlton Energy Grp., LLC*, 475 S.W.3d 265, 277 (Tex. 2015); *see also Perez v. Lemarroy*, 592 F. Supp. 2d 924, 931 (S.D. Tex. 2008) ("The Federal Arbitration Act ('FAA') only requires that an arbitration clause be in writing, without any requirement that an arbitration clause must be signed, thus, no signatures are necessary to bind parties to an arbitration agreement.").  "Signatures are not required '[a]s long as the parties give their consent to the terms of the contract, and there is no evidence of an intent to require both signatures as a condition precedent to it becoming effective as a contract.'" *Huckaba*, 892 F.3d at 689 (quoting *Perez*, 592 F. Supp. 2d at 930–31).

"A court can decide intent as a matter of law." *Id.* (citing *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 454 (5th Cir. 2013)).  "In construing a contract, a court must ascertain the true intentions of the parties as expressed in the writing itself." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011).  "We begin this

3

analysis with the contract's express language." *Id*. Unless that language is ambiguous, *see id*., "we end it there too," *Huckaba*, 892 F.3d at 689.

Here, the language of the contract provides unambiguous evidence of the parties' intent to require both signatures as a condition precedent to enforcement of the agreement. Although it is true, as Hi Tech observes, that the agreement is written primarily from the employee's perspective, the document repeatedly refers to *both* parties agreeing to the terms of the contract. The agreement discusses the "mutual benefits" that arbitration can provide to "both the Company and [Morgan]," and the agreement requires that "[Morgan] and the Company both agree" that any disputes "between [Morgan] and the Company" shall be submitted to arbitration. The agreement further provides that "[b]oth the Company and [Morgan] agree that any arbitration proceeding must move forward under the Federal Arbitration Act" and that "[t]his is the entire agreement between the Company and the employee." The agreement also contains the following statement, "I UNDERSTAND BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH I AND THE COMPANY GIVE UP OUR RIGHTS TO TRIAL BY JURY." This language indicates that, by agreeing to arbitrate, *both* parties would be giving up their rights to a jury trial, which suggests that the signatures of both parties would be required for the agreement to be enforceable. Additionally, in the signature block at the bottom of the agreement, there are lines for two signatures, one for the "Employee" and one for the "Manager" of Hi Tech. There is also a line next to the Manager's signature for the Manager to print his name. Moreover, both signature lines appear below the following statement, "MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS." Thus, both parties were to indicate their mutual assent to the terms of the arbitration agreement by signing the document.

4

Hi Tech did not sign the arbitration agreement, and the above language indicates that the signatures of both Hi Tech and Townsend were required for the agreement to be enforceable. The burden was on Hi Tech to prove the validity of the agreement, *see Henry*, 551 S.W.3d at 115; *Fitness Entm't Ltd.*, 527 S.W.3d at 703–04, and it failed to satisfy that burden here. Accordingly, we cannot conclude that the district court abused its discretion in denying Hi Tech's motion to compel arbitration. *See Huckaba*, 892 F.3d at 691 (refusing to enforce arbitration agreement in wrongful-termination case when employer failed to sign agreement and concluding that enforcement would allow employer to "have it both ways—argue that it did not intend to be bound because it did not sign the agreement or it did because it kept the agreement and sought to compel arbitration"); *see also Simmons & Simmons Constr. Co. v. Rea*, 286 S.W.2d 415, 416–17 (Tex. 1955) (concluding that signature block on contract and other language in agreement was evidence that signatures of both parties were required); *In re Bunzl USA, Inc.*, 155 S.W.3d 202, 210–11 (Tex. App.—El Paso 2004, orig. proceeding) (same).

## CONCLUSION

We affirm the district court's order.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed: April 30, 2019

5