# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00820-CV

**St. David's Healthcare Partnership, LP; St. David's Healthcare Partnership, LP, LLP; Round Rock Hospital, Inc.; St. David's Healthcare System, Inc.; St. David's Partnership, LP, LLP; and St. David's Medical Center, Appellants**

**v.**

**Kristi Elaine Fuller f/k/a Kristi Elaine Baezetero, Appellee**

---

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-003798, THE HONORABLE DARLENE BYRNE, JUDGE PRESIDING

---

## O P I N I O N

Appellee Kristi Elaine Fuller sued St. David's Healthcare Partnership, LP (the "Hospital") and related entities (collectively with the Hospital, the "Hospital Defendants") after she was terminated from her employment with the Hospital. In response, The Hospital Defendants filed a motion to stay Fuller's suit and to compel arbitration under the Federal Arbitration Act. After the trial court denied the motion, the Hospital Defendants filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 171.098. We will affirm the trial court's order.

## BACKGROUND

Fuller, a registered nurse, was hired by the Hospital to begin work in June 2018. In connection with her hiring, on April 16, 2018, Fuller executed and agreed to be bound by the

Hospital's Nurse Residency Program Agreement ("Employment Agreement"). In general, the Employment Agreement outlined the terms of Fuller's employment with the Hospital, including her hiring date, compensation, and treatment of confidential information. While the Employment Agreement included a provision whereby Fuller agreed to waive her right to a jury trial in the event of litigation arising out of the Agreement, the Agreement did not expressly require the parties to submit to arbitration or any other means of alternative dispute resolution.

In June 2018, Fuller completed mandatory Facility Orientation. During Facility Orientation, Fuller signed a document acknowledging that she had reviewed various Hospital policies made accessible to her through a web portal maintained by the Hospital. In part, Fuller acknowledged having reviewed, and agreed to abide by, the Hospital's "Mandatory Binding Arbitration Policy," which included the following:

> Under the Mandatory Binding Arbitration Policy, both the employee and the [Employer] agree to give up any right either of them might have to a jury or judge trial regarding any issue governed by the Mandatory Binding Arbitration Policy. All disputes governed by the Mandatory Binding Arbitration Policy shall be submitted to final and binding arbitration to be conducted by an experienced arbitrator from the American Arbitration Association ("AAA") chosen by the employee and the company. . . . The employee and the Employer will be bound by the decision made by the third party neutral arbitrator except as allowed by law to appeal to a court.

Fuller was terminated from her employment in January 2019. In her lawsuit, she contends that she was "wrongfully terminated, and retaliated against, in violation of Texas law, more specifically Section 161.134 of the Texas Health and Safety Code." *See* Tex. Health & Safety Code § 161.134 (providing that healthcare facilities may not retaliate against employees for reporting "a violation of law"). In their motion to stay and to compel arbitration, the Hospital

Defendants asserted that Fuller's claims fall within the scope of, and are subject to, the Mandatory Binding Arbitration Policy.

## BACKGROUND LAW AND STANDARD OF REVIEW

A party seeking to compel arbitration under the Federal Arbitration Act must establish that (1) there is a valid arbitration agreement, and (2) the claims in dispute fall within the scope of that agreement. *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding). The burden of establishing the existence of an arbitration agreement is on the party seeking to compel arbitration, *see Fitness Entm't Ltd. v. Hurst*, 527 S.W.3d 699, 703 (Tex. App.—El Paso 2017, pet. denied), and no presumption of arbitration exists until after the party seeking to compel arbitration meets this burden, *see J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 227 (Tex. 2003). "Whether parties have agreed to arbitrate is a gateway matter ordinarily committed to the trial court and controlled by state law governing 'the validity, revocability, and enforceability of contracts generally.'" *Jody James Farms, JV. v. Altman Grp., Inc.*, 547 S.W.3d 624, 631 (Tex. 2018) (quoting *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009)).

We review a trial court's order denying a motion to compel arbitration for an abuse of discretion. *Henry v. Cash Biz, L.P.*, 551 S.W.3d 111, 115 (Tex. 2018). We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo. *Id.*

## ANALYSIS

On appeal, the Hospital Defendants assert that the trial court abused its discretion in denying their motion to compel arbitration because, in the view of the Hospital Defendants, the undisputed evidence establishes that Fuller received notice of the Mandatory Binding

3

Arbitration Policy and accepted its terms; the Policy is enforceable; and Fuller's claims fall within the scope of the Policy.

In response, Fuller contends, in part, that the trial court did not abuse its discretion in denying the motion because the Hospital Defendants failed to meet their initial burden to prove the existence of a binding arbitration agreement. In support of her argument, Fuller points out that the Employment Agreement expressly states:

> Sole and Entire Agreement. This Agreement . . . constitutes the sole, complete, and entire agreement between [the Hospital] and [Fuller] concerning the employment. This Agreement supersedes all prior negotiations and/or agreements between the parties, whether oral or written, concerning the employment.

Further, as to amendments, the Employment Agreement states:

> Amendment. No amendment or other modification of this Agreement will be effective unless and until it is embodied in a written document signed by the [the Hospital] and [Fuller].

Based on these provisions, Fuller contends that the Mandatory Binding Arbitration Policy is unenforceable because it is an "amendment or other modification of [the Employment Agreement]"; under the express terms of the Employment Agreement, it must be signed by both parties; and the record establishes that the Mandatory Binding Arbitration Policy was not signed by the Hospital.

Under Texas law, a binding contract requires: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; (5) consideration; and, if the contract is in writing (6) execution and delivery of the contract with the intent that it be mutual and binding. *Hi Tech Luxury Imps., LLC v. Morgan*, No. 03-19-00021-CV, 2019 Tex. App. LEXIS 3429, at *3 (Tex. App.—Austin Apr. 30, 2019, no

4

pet.) (mem. op.) (citing *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 689 (5th Cir. 2018) (applying Texas law to analyze existence of valid arbitration agreement); *E-Learning LLC v. AT&T Corp.*, 517 S.W.3d 849, 858 (Tex. App.—San Antonio 2017, no pet.); *Cessna Aircraft Co. v. Aircraft Network, L.L.C.*, 213 S.W.3d 455, 465 (Tex. App.—Dallas 2006, pet. denied); *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

"Contracts require mutual assent to be enforceable." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). While, in the case of a written contract, mutual assent is often evidenced by signature and delivery, they are not required. *Phillips v. Carlton Energy Grp., LLC*, 475 S.W.3d 265, 277 (Tex. 2015). Similarly, the Texas Supreme Court has recognized that the Federal Arbitration Act does not require an employer's signature on an arbitration agreement for it to be valid "so long as [the agreement] is written and agreed to by the parties." *Wright v. Hernandez*, 469 S.W.3d 744, 758 (Tex. App.—El Paso 2015, no pet.) (quoting *In re Polymerica, LLC*, 296 S.W.3d 74, 76 (Tex. 2009) (orig. proceeding)).

Nevertheless, parties to a contract may express an intent to require signatures as a condition precedent to the contract becoming effective. *Hi Tech Luxury Imps*, 2019 Tex. App. LEXIS 3429, at *3; *Wright*, 469 S.W.3d at 758. "Thus, when the terms of the contract make it clear that a signature is required, a party's failure to sign the agreement will render the agreement unenforceable." *Wright*, 469 S.W.3d at 758 (citing *Simmons & Simmons Constr. Co. v. Rea*, 286 S.W.2d 415, 418-19 (Tex. 1955)). In addition, when the parties' intention to require signatures as a condition precedent can be ascertained from the unambiguous language of the contract itself, we may decide the issue of that intent as a matter of law. *See Hi Tech Luxury Imps.*, 2019 Tex. App LEXIS 3429, at *3-4.

5

Here, the clear and unambiguous language of the Employment Agreement establishes that the parties intended to require any amendment or modification to the terms of Fuller's employment to be in writing and signed by both parties. In addition, the parties agreed that the satisfaction of this requirement would serve as a condition precedent to the enforceability of the amendment or modification. The Mandatory Binding Arbitration Policy is a subsequent agreement concerning Fuller's employment and therefore constitutes an "amendment or other modification" to the Employment Agreement. As such, to be enforceable, the signatures of both Fuller and the Hospital were required. Because the undisputed evidence establishes that the Hospital did not sign the Mandatory Binding Arbitration Policy, it is not enforceable. *See Huckaba*, 892 F.3d at 690-91 (concluding that under Texas contract law, there was no valid agreement to arbitrate because agreement contained language requiring parties' signatures for enforceability and employer did not sign arbitration agreement); *see Hi Tech Luxury Imps.*, 2019 Tex. App LEXIS 3429, at *2 (same).

On appeal, the Hospital Defendants do not dispute that the Hospital failed to sign the Mandatory Binding Arbitration Policy. Instead, the Hospital Defendants argue that despite the Hospital's failure to sign the Policy, it is enforceable against Fuller. Specifically, the Hospital Defendants argue that the Policy was incorporated by reference into the Employment Agreement, and therefore, separate assent to the Policy by the parties was not required. In other words, in the Hospital Defendants' view, the Policy was not an "amendment or other modification" to the Employment Agreement but, instead, was effectively made part of the Employment Agreement itself. In support of this incorporation-by-reference argument, the Hospital Defendants rely on a provision in the Employment Agreement stating that "[u]pon execution of this Agreement . . . , [Fuller] will be employed by [the Hospital] for the duration of

6

the Program. [Fuller] will remain in the employment of [the Hospital] for the duration of the Program . . . *subject to [the Hospital's] policies and procedures applicable to employees.*"[1] (Emphasis added.)

It is well established that documents, even unsigned documents, may be incorporated into a contract when the parties refer to the document in the contract. *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) (orig. proceeding). While no specific language is necessary to incorporate a document by reference, the contract must plainly refer to the other document or otherwise show that the parties intended for the other document to become part of or incorporated into the contract. *Santander Consumer USA, Inc. v. Mata*, No. 03-14-00782-CV, 2017 Tex. App. LEXIS 2631, at *6 (Tex. App.—Austin Mar. 29, 2017, no pet.) (mem. op.); *Bob Montgomery Chevrolet, Inc. v. Dent Zone Cos.*, 409 S.W.3d 181, 189 (Tex. App.—Dallas 2013, no pet.) (citing *Owen v. Hendricks*, 433 S.W.2d 164, 167 (Tex. 1968)). When a document is incorporated into another by reference, both instruments must be read and construed together. *Bob Montgomery Chevrolet*, 409 S.W.3d at 189 (citing *In re C & H News Co.*, 133 S.W.3d 642, 645-46 (Tex. App.—Corpus Christi 2003, orig. proceeding)).

Applying these legal principles to this dispute, we disagree with the Hospital Defendants' contention that the "subject to" language in the Employment Agreement effectively

---

[1]  On appeal, Fuller asserts that the Hospital Defendants cannot rely on this incorporation-by-reference argument in this appeal because they failed to raise the argument in the trial court. *See* Tex. R. App. P. 33.1; *see also Santander Consumer USA, Inc. v. Mata*, No. 03-14-00782-CV, 2017 Tex. App. LEXIS 2631, at *6 (Tex. App.—Austin Mar. 29, 2017, no pet.) (mem. op.) (concluding that appellant could not rely on incorporation-by-reference argument in appeal of denial of motion to compel arbitration because appellant did not raise argument in trial court). In response, the Hospital Defendants contend that they adequately raised the issue at the hearing on the motion by specifically pointing out that this "subject to" language required Fuller to comply with the Mandatory Binding Arbitration Policy. We will assume without deciding that the Hospital Defendants have adequately preserved this issue for appeal.

incorporated by reference the Mandatory Binding Arbitration Policy. First, we note that no specific document is mentioned after the "subject to" phrase, and we cannot conclude that the term "policies and procedures" plainly refers to the Mandatory Binding Arbitration Policy—a document that, when the parties entered into the Employment Agreement, Fuller had not seen and was not aware existed. *See Owen*, 433 S.W.2d at 167; *see also One Beacon Ins. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 268 (5th Cir. 2011) ("Terms incorporated by reference will be valid so long as it is 'clear that the parties to the agreement had knowledge of and assented to the incorporated terms.'"). In short, nothing in the language of the Employment Agreement evidences an intent by the parties to incorporate the Mandatory Binding Arbitration Policy.[2] Moreover, to construe the "subject to" language as broadly as the Hospital Defendants suggest— that is, as incorporating all "policies and procedures" of the Hospital, including the Arbitration Policy, into Fuller's Employment Agreement—would conflict with the provision of the Agreement stating that it "constitutes the sole, complete and entire agreement between [the Hospital] and [Fuller] concerning the employment." *See Cavazos v. Cavazos*, 941 S.W.2d 211, 215 (Tex. App.—Corpus Christi 1996, writ denied) (concluding that merger clause expressly negated incorporation of document that was not specifically referenced).

The burden was on the Hospital Defendants to establish that the parties entered into a valid arbitration agreement. Based on the plain language of the documents governing this

---

[2] At best, the language relied on by the Hospital Defendants evidences an intent to make Fuller's continued employment with Hospital contingent upon her compliance with policies and procedures generally applicable to Hospital employees. *See Frost Nat'l Bank v. L& F Distribs.*, 165 S.W.3d 310, 312 (Tex. 2005) (explaining that in construing contracts, courts "consider the entire agreement and attempt to harmonize to give effect to all the provisions of the contract by analyzing the provisions with reference to the whole agreement"). Even under that interpretation, however, once Fuller's employment with the Hospital was terminated, she was no longer obligated to comply with those policies and procedures, and her post-termination lawsuit would not be subject to the Mandatory Binding Arbitration Agreement.

dispute, we conclude that the Hospital Defendants failed to satisfy that burden. Accordingly, we cannot conclude that the trial court abused its discretion in denying their motion to compel arbitration.

## CONCLUSION

We affirm the order of the trial court.


_____

Chari L. Kelly, Justice

Before Justices Baker, Triana, and Kelly

Affirmed

Filed: June 3, 2021

9