**Affirmed and Memorandum Opinion filed December 21, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00749-CV

---

## TAYLOR MORRISON OF TEXAS, INC. AND TAYLOR WOODROW COMMUNITIES-LEAGUE CITY, LTD., Appellants

## V.

## TONY D. HA AND MICHELLE HA, INDIVIDUALLY AND AS NEXT FRIEND OF C.M.X., MINOR CHILD 1, A.H.X., MINOR CHILD 2, AND H.R.X., MINOR CHILD 3, Appellees

---

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 20-CV-0298**

---

## M E M O R A N D U M   O P I N I O N

Appellees Tony D. Ha ("Tony") and Michelle Ha ("Michelle"), individually and as next friend of C.M.X., minor child 1, A.H.X., minor child 2, and H.R.X., minor child 3 (together, "Appellees") sued appellants Taylor Morrison of Texas, Inc. and Taylor Woodrow Communities-League City, Ltd. (together, "Taylor"), asserting that the home they purchased from Taylor was defectively constructed.

Taylor filed a motion to compel arbitration of all five Appellees' claims. The trial court signed an October 15, 2020 order that (1) granted Taylor's motion to compel arbitration with respect to the claims asserted by Tony, and (2) denied the motion to compel with respect to the claims asserted by Michelle and the three minor children. Taylor filed an appeal and, in the alternative, a petition for writ of mandamus. For the reasons below, we affirm the trial court's order and deny Taylor's alternative petition for writ of mandamus.

## BACKGROUND

Appellees filed their original petition in February 2020 and asserted claims against Taylor for breach of implied warranties, negligent construction, fraud in a real estate transaction, breach of contract, and quantum meruit. Appellees also asserted claims under the Residential Construction Liability Act ("RCLA") and the Deceptive Trade Practices-Consumer Protection Act ("DTPA"). *See* Tex. Prop. Code Ann. §§ 27.001-27.007 (the RCLA); Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (the DTPA). Appellees alleged that their Taylor-built home suffered from multiple construction defects causing them harm.

Taylor filed its answer and a combined "Motion to Compel Arbitration, Plea in Abatement, [and] Special Exceptions." Taylor sought to compel arbitration against all five Appellees based on the Purchase Agreement that effected the sale of Appellees' home. The Purchase Agreement was signed by Tony and a Taylor representative; it was not signed by Michelle or by any of the three minor children.

The Purchase Agreement includes an arbitration provision that states, in relevant part:

> Any and all claims, controversies, breaches or disputes by or between
> the parties hereto, arising out of or related to this purchase agreement,
> the property, the subdivision or community of which the property is a

2

part, the sale of the property by seller, or any transaction related hereto, whether such dispute is based on contract, tort, statute, or equity, . . . shall be arbitrated pursuant to the Federal Arbitration Act and subject to the procedures set forth as follows[.]

In its combined motion, Taylor asserted that Tony, by signing the Purchase Agreement, bound himself to the Agreement's arbitration provisions. Acknowledging that Michelle and the three minor children were non-signatories with respect to the Purchase Agreement, Taylor asserted they nonetheless were bound to its arbitration provisions as third-party beneficiaries and through direct benefits estoppel. Appellees filed a first amended petition in July 2020 and Taylor filed special exceptions seeking additional allegations to determine whether Michelle and the minor children were bound by the Purchase Agreement's arbitration provisions.

The trial court held a hearing on June 23, 2020 to address Taylor's special exceptions and motion to compel arbitration. At the hearing, Taylor told the trial court it was prepared to proceed with its motion to compel arbitration with respect to Tony but needed additional time to prepare its arguments with respect to Michelle and the three minor children. Taylor then presented its arguments on its motion to compel and special exceptions and Appellees responded. At the conclusion of the hearing, the trial court told the parties it would rule on the special exceptions and "then we can come back another day and hear everything again, whatever works for you." The same day, the trial court signed an order granting in part and denying in part Taylor's special exceptions.

Appellees filed a second amended petition in August 2020 in which Tony alone asserted claims for breach of implied warranties, fraud in a real estate transaction, breach of contract, quantum meruit, and violations of the DTPA. Appellees collectively asserted claims for negligence, negligent construction, and

3

for violations of the RCLA.

The trial court signed an order on October 15, 2020, granting Taylor's motion to compel arbitration with respect to Tony's claims and denying the motion to compel with respect to the claims asserted by Michelle and the three minor children. The trial court also abated the case in its entirety. Taylor filed an appeal and, in the alternative, a petition for writ of mandamus.

ANALYSIS

Before we turn to these issues, we address our jurisdiction over this appeal.

## I.   Jurisdiction

To raise the issues summarized above, Taylor filed an interlocutory appeal and, in the alternative, a petition for writ of mandamus. Interlocutory orders may be appealed only if permitted by statute and only to the extent jurisdiction is conferred by statute. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). We strictly construe statutes authorizing interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011).

In Texas, parties may expressly agree to arbitrate under the Federal Arbitration Act ("FAA"). *See In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding). Here, the Purchase Agreement's arbitration provisions provide that "[a]ny and all claims, controversies, breaches or disputes by or between the parties hereto . . . shall be arbitrated pursuant to the Federal Arbitration Act [FAA]." The parties do not contest that the FAA applies to these arbitration provisions.

Section 51.016 of the Texas Civil Practice and Remedies Code (which authorizes appeals in matters subject to the FAA) provides that a party may appeal an interlocutory order "under the same circumstances that an appeal from a federal

4

district court's order or decision would be permitted" by the FAA. Tex. Civ. Prac. & Rem. Code Ann. § 51.016. Under the FAA, a party may immediately appeal an order denying a motion to compel arbitration. *See* 9 U.S.C.A. § 16(a)(1)(B). Accordingly, we have jurisdiction to consider Taylor's interlocutory appeal from the trial court's order denying its motion to compel arbitration of the claims asserted by Michelle and the three minor children. *See, e.g., Berry Y&V Fabricators, LLC v. Bambace*, 604 S.W.3d 482, 485 n.2 (Tex. App.—Houston [14th Dist.] 2020, no pet.). This jurisdiction includes Taylor's issue regarding whether the trial court erred by failing to hold an evidentiary hearing on its motion to compel. *See, e.g., Fitness Entm't Ltd. v. Hurst*, 527 S.W.3d 699, 703-05 (Tex. App.—El Paso 2017, pet. denied); *Tex. Health Res. v. Kruse*, No. 05-13-01754-CV, 2014 WL 3408636, at *6 (Tex. App.—Dallas July 11, 2014, pet. denied) (mem. op.).

Entitlement to a writ of mandamus, however, requires a relator to show that the trial court abused its discretion and that the relator lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam). Because we have jurisdiction over Taylor's issues via its interlocutory appeal, Taylor does not lack an adequate remedy by appeal. *See, e.g., In re Lanier*, No. 14-19-00918-CV, 2019 WL 6317781, at *1 (Tex. App.—Houston [14th Dist.] Nov. 26, 2019, orig. proceeding) (mem. op.) (per curiam) (denying petition for writ of mandamus seeking relief from order denying relator's motion to compel arbitration pursuant to the FAA because relator had an adequate remedy by appeal).

Therefore, we deny Taylor's alternative petition for writ of mandamus.

## II.     Denial of Motion to Compel

Taylor's second issue, which challenges the trial court's denial of its motion to compel arbitration of the claims asserted by Michelle and the three minor children, is reviewed for an abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115

(Tex. 2018). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Branch Law Firm L.L.P. v. Osborn*, 532 S.W.3d 1, 12 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Under this standard, we defer to the trial court's factual determinations if they are supported by evidence and review its legal determinations *de novo*. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

A party seeking to compel arbitration under the FAA generally must establish that (1) there is a valid agreement to arbitrate between the parties, and (2) the claims raised fall within the scope of that agreement. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Here, this dispute centers on whether a valid arbitration agreement binds Michelle and the three minor children despite their status as non-signatories to the Purchase Agreement. As a gateway matter involving validity, whether an arbitration agreement binds a non-signatory must be decided by the court rather than the arbitrator. *See In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) (orig. proceeding); *In re Estate of Guerrero*, 465 S.W.3d 693, 700 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc). The trial court's determination on this point is a question of law we review *de novo*, applying state laws governing the validity, revocability, and enforceability of contracts generally. *See Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 631, 633 (Tex. 2018).

Generally, only signatories are bound by an arbitration agreement. *See In re Rubiola*, 334 S.W.3d at 224; *Cotton Commercial USA, Inc. v. Clear Creek Indep. Sch. Dist.*, 387 S.W.3d 99, 104 (Tex. App.—Houston [14th Dist.] 2012, no pet.). But non-signatories may nonetheless be bound to an arbitration agreement when rules of law or equity would bind them to a contract generally. *In re Labatt Food*

6

*Serv., L.P.*, 279 S.W.3d at 643. According to principles of agency and contract law, arbitration agreements may bind non-signatories under six theories: (1) incorporation by reference, (2) assumption, (3) agency, (4) alter ego, (5) equitable estoppel, and (6) third-party beneficiary. *Jody James Farms, JV*, 547 S.W.3d at 633. "The party seeking arbitration bears the burden of establishing that the arbitration agreement binds a non-signatory." *Telsmith, Inc. v. 37 Bldg. Prods., Ltd.*, No. 02-19-00220-CV, 2020 WL 719445, at *2 (Tex. App.—Fort Worth Feb. 13, 2020, no pet.) (mem. op.); *see also Branch Law Firm, L.L.P. v. Osborn*, 447 S.W.3d 390, 394 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Here, Taylor contends that Michelle and the three minor children are bound by the Purchase Agreement's arbitration provisions as third-party beneficiaries and under direct benefits estoppel. Taylor's argument has already been rejected in a well-reasoned analysis from our sister court of appeals. *See Taylor Morrison of Tex., Inc. v Skufca*, No. 01-19-00943-CV, 2020 WL 5823287, at *4-9 (Tex. App.—Houston [1st Dist.] Oct. 1, 2020, pet. filed) (mem. op.). We adopt that reasoning and reject Taylor's arguments.

## A. Third-Party Beneficiaries

A third-party beneficiary may be compelled to arbitrate under an arbitration agreement. *Lennar Homes of Tex. Land & Constr., Ltd. v. Whiteley*, 625 S.W.3d 569, 580 (Tex. App.—Houston [14th Dist.] 2021, pet. filed). Whether a person is a third-party beneficiary depends solely on the contracting parties' intent. *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017). "[A] person seeking to establish third-party-beneficiary status must demonstrate that the contracting parties 'intended to secure a benefit to that third party' and 'entered into the contract directly for the third party's benefit.'" *Id.* (quoting *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (per curiam)).

The Texas Supreme Court has repeatedly stated that there is a presumption against conferring third-party-beneficiary status on non-contracting parties. *See S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007) (per curiam); *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 652 (Tex. 1999). To determine whether contracting parties intended to confer a benefit to a third party, we "look solely to the contract's language, construed as a whole." *Brumitt*, 519 S.W.3d at 102. This benefit must be more than incidental; the parties' intent to confer a direct benefit to the third party must be clearly and fully spelled out in the agreement. *Jody James Farms, JV*, 547 S.W.3d at 635.

Here, the Purchase Agreement does not show that the parties to the agreement — Tony and Taylor — intended the agreement to directly benefit Michelle and the three minor children. The Purchase Agreement does not mention Michelle and the minor children and, on its face, appears only to benefit the seller (Taylor) and the buyer (Tony). *See Taylor Morrison of Tex., Inc.*, 2020 WL 5823287, at *4 (concluding the Skufcas' minor children were not third-party beneficiaries to the Purchase Agreement); *see also Lincoln Fin. Advisors Corp. v. Ards*, No. 03-18-00437-CV, 2019 WL 6907074, at *5 (Tex. App.—Austin Dec. 19, 2019, no pet.) (mem. op.) (holding that a non-signatory minor child was not subject to arbitration as a third-party beneficiary where agreements "had no express reference" that parties to the agreements "intended the agreements to be for the direct benefit of [the child]"); *In re SSP Partners*, 241 S.W.3d 162, 169 (Tex. App.—Corpus Christi 2007, orig. proceeding [mand. denied]) ("There is no provision in the agreement stating that Garcia, on behalf of her minor children, was agreeing to submit the children's claims to arbitration.").

At most, Michelle and the three minor children could be considered incidental beneficiaries of the Purchase Agreement since they were residents of the home when

8

their claims accrued. *See Taylor Morrison of Tex., Inc.*, 2020 WL 5823287, at *4 ("Although the children lived in the home before the suit was filed, that would, at most, render them incidental beneficiaries of the contract, not third-party beneficiaries."). But an incidental benefit does not make the showing required to establish that a party is a third-party beneficiary of the contract at issue. *See Jody James Farms, JV*, 547 S.W.3d at 635.

On appeal, Taylor does not point to any part of the Purchase Agreement that supports its contention that Michelle and the three minor children are bound to arbitrate under its terms. *See* Tex. R. App. P. 38.1(i). Therefore, we conclude that Michelle and the three minor children cannot be compelled to arbitrate as third-party beneficiaries to the Purchase Agreement. *See Taylor Morrison of Tex., Inc.*, 2020 WL 5823287, at *4-5. The trial court did not err by denying to compel arbitration on this basis.

## B.  Direct Benefits Estoppel

Under the doctrine of direct benefits estoppel, non-signatory plaintiffs who seek the benefits of a contract or who seek to enforce the terms of a contract are "estopped from simultaneously attempting to avoid the contract's burdens, such as the obligation to arbitrate disputes." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 739. Therefore, when non-signatories sue based on a contract, they subject themselves to the contract's terms — including any arbitration agreement. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 527 (Tex. 2015).

The application of this doctrine turns on the substance of the non-signatory's claim. *See In re Weekley Homes, L.P.*, 180 S.W.3d at 131-32. Specifically, a non-signatory sues "based on a contract" when he "seeks, through the claim, to derive a direct benefit from the contract containing the arbitration provision." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 741. "When a claim depends on the contract's

existence and cannot stand independently — that is, the alleged liability arises solely from the contract or must be determined by reference to it — equity prevents a person from avoiding the arbitration clause that was part of that agreement." *Jody James Farms, JV*, 547 S.W.3d at 637 (internal quotation omitted).

Here, in their second amended petition, Michelle and the three minor children asserted claims for common law negligence and negligent construction.[1] These claims are independent of the Purchase Agreement and cannot support an application of direct benefits estoppel because "when the substance of the claim arises from general obligations imposed by state law, including statutes, torts and other common law duties or federal law, rather than from the contract, direct benefits estoppel does not apply, even if the claim refers to or relates to the contract." *G.T. Leach Builders, LLC*, 458 S.W.3d at 528.

The common law negligence claim alleges that Taylor failed to properly construct the home, withheld knowledge of the home's construction defects, failed to warn Appellees of the unsafe conditions, and failed to remedy the defects. Appellees allege that this negligent conduct constituted the proximate cause of serious personal injuries and other damages. In their negligent construction claim, Appellees allege that Taylor owed a duty to Appellees to exercise ordinary care and to provide "a reasonably safe constructed home." Appellees allege that Taylor breached this duty by constructing a defective home and failing to address those defects to make the home safe for Appellees.

The substance of these claims arises from general obligations imposed by state law — not from the Purchase Agreement. *See Gator Gone Safety Pilots v. Holt*, 622

---

[1] Michelle and the three minor children also asserted claims pursuant to the RCLA. However, the RCLA does not create a cause of action; rather, it limits and controls existing causes of action for damages resulting from construction defects in residences. *See Vision 20/20, Ltd. v. Cameron Builders, Inc.*, 525 S.W.3d 854, 856 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

S.W.3d 524, 536 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (listing the elements for a common law negligence claim). Further, the claims do not allege that Taylor breached any specific provision of the Purchase Agreement or that the house was not built in accordance with the contract. Accordingly, these claims do not support an application of direct benefits estoppel with respect to Michelle and the three minor children. *See Taylor Morrison of Tex., Inc.*, 2020 WL 5823287, at *6 (concluding the Skufcas' children's negligent construction claims were "independent of the Purchase Agreement").

To support their contention that direct benefits estoppel binds Michelle and the three minor children to the Purchase Agreement's arbitration provisions, Taylor points to the following statements in Appellees' second amended petition:

- As part of their negligent construction claim, Appellees asserted: "[Taylor] had a duty to [Appellees] and others, ***in contract*** and/or under the common law, to exercise ordinary care and to provide a reasonably safe constructed home." (emphasis added).

- In the "Damages" portion of their petition, Appellees asserted: (1) "[a]s a direct and proximate result of the common law, ***contractual*** and/or statutory violations made the basis of this lawsuit"; and (2) "[Taylor's] acts or omissions constituted common law, ***contractual*** and/or statutory violations". (emphasis added).

These statements are insufficient to show that Michelle's and the three minor children's common law negligence and negligent construction claims "depend" on the Purchase Agreement's existence. The first statement merely mentions the "contract" in the alternative to the common law. Moreover, it is included as part of Appellees' negligent construction claim — a claim sounding in common law. This statement alone does not indicate that Appellees' negligent construction claim is dependent on the Purchase Agreement's existence. Therefore, direct benefits estoppel does not apply. *G.T. Leach Builders, LLC*, 458 S.W.3d 528.

Likewise, the statements in the "Damages" portion of Appellees' petition merely summarize the allegations made the basis of Appellees' suit — some of which include contractual claims asserted by Tony. These general statements do not bind the claims asserted by Michelle and the three minor children to the Purchase Agreement's arbitration provisions. *See Jody James Farms, JV*, 547 S.W.3d at 637.

As pleaded, the common law negligence and negligent construction claims asserted by Michelle and the three minor children do not support an application of direct benefits estoppel because the claims do not seek to derive a direct benefit from the Purchase Agreement. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 741; *Taylor Morrison of Tex., Inc.*, 2020 WL 5823287, at *6. The trial court did not err by denying to compel arbitration on this basis.

We overrule Taylor's second issue.

## III. Evidentiary Hearing and Abatement

In its first issue, Taylor asserts the trial court erred by failing to hold an evidentiary hearing on Taylor's motion to compel arbitration of the claims asserted by Michelle and the three minor children. As part of this issue, Taylor also contends the trial court erred by refusing to lift the abatement it imposed in its order granting in part and denying in part Taylor's motion to compel.

### A. Evidentiary Hearing

Even where an arbitration agreement is governed by the FAA, Texas procedure controls the determination of arbitrability. *See Gunda Corp. v. Yazhari*, No. 14-12-00263-CV, 2013 WL 440577, at *2 n.1 (Tex. App.—Houston [14th Dist.] Feb. 5, 2013, no pet.) (mem. op.); *see also In re OneMain Fin. Grp., LLC*, 627 S.W.3d 374, 377-78 (Tex. App.—El Paso 2021, no pet) (orig. proceeding).

Section 171.021(b) of the Texas Civil Practice and Remedies Code provides

that, "[i]f a party opposing an application [for arbitration] denies the existence of the agreement, the court shall summarily determine that issue." Tex. Civ. Prac. & Rem. Code Ann. § 171.021(b). The trial court makes this summary determination based on the parties' affidavits, pleadings, discovery, and stipulations. *Jack B. Anglin Co.*, 842 S.W.2d at 269. This procedure is similar to that for a motion for summary judgment and is subject to the same evidentiary standards. *See In re Jebbia*, 26 S.W.3d 753, 756-57 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding). If there is a genuine question of material fact concerning the existence of the agreement, the trial court may not summarily grant or deny the motion to compel arbitration and must conduct an evidentiary hearing to resolve the disputed material facts. *See id.* at 757; *see also, e.g., Gunda Corp.*, 2013 WL 440577, at *6 (the trial court erred by denying a motion to compel arbitration before holding an evidentiary hearing on a disputed issue of material fact).

The issues before us, however, did not raise a genuine issue of material fact. As we discussed above, Taylor raised two theories to bind non-signatories Michelle and the three minor children to the Purchase Agreement: third-party beneficiary and direct benefits estoppel. The evidence presented was sufficient to determine these issues as a matter of law.

The third-party-beneficiary theory looks "solely to the contract's language" (*Brumitt*, 519 S.W.3d at 102); here, the Purchase Agreement was offered into evidence with Taylor's motion to compel. Direct benefits estoppel turns on the substance of the asserted claims (*In re Weekley Homes, L.P.*, 180 S.W.3d at 131-32). The substance of Appellees' second amended petition was before the trial court the same way it is before us and is unambiguous. Therefore, the trial court was not required to hold an evidentiary hearing on Taylor's motion to compel arbitration on the claims asserted by Michelle and the three minor children. *See In re Jebbia*, 26

S.W.3d at 756-57.

**B.    Abatement**

Asserting the trial court erred by refusing to lift abatement of the case, Taylor argues that this error precluded it "from any attempts to correct the other errors/abuses of discretion raised herein."  Because we overrule Taylor's other challenges, we conclude that the trial court's refusal to lift abatement of the case does not constitute an abuse of discretion.

We overrule Taylor's first issue.

## CONCLUSION

We affirm the trial court's October 15, 2020 order granting in part and denying in part Taylor's motion to compel arbitration.

/s/    Meagan Hassan
       Justice

Panel consists of Justices Wise, Spain, and Hassan.

14