COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|   |   |   |
|---|---|---|
| | § | |
| LUCCHESE, INC., BARTOLO MATA, | | No. 08-11-00101-CV |
| and RIGOBERTO GUTIERREZ, | § | |
| | | Appeal from |
| Appellants, | § | |
| | | 34th District Court |
| v. | § | |
| | | of El Paso County, Texas |
| JOSE SOLANO, | § | |
| | | (TC # 2007-1198) |
| Appellee. | § | |
| | § | |

**O P I N I O N**

Lucchese, Inc., Bartolo Mata, and Rigoberto Gutierrez appeal from an order granting Jose Solano's motion to strike their amended motion to compel arbitration. For the reasons that follow we reverse and remand.

**FACTUAL SUMMARY**

In March 2007, Jose Solano filed a non-subscriber negligence suit against his employer, Lucchese, and against his supervisors, Mata and Gutierrez,[1] alleging he suffered three on-the-job injuries in 2005-2006. On April 7, 2008, Lucchese filed a motion to compel arbitration based on an arbitration agreement contained in its Arena Brands Texas Injury Benefit Plan (the Plan). The motion to compel arbitration alleged that Solano became employed by Lucchese on September 2, 2005 and he signed an acknowledgement on September 7, 2005 reflecting that he had received and read, or had the opportunity to read, the summary plan description (SPD) which included a requirement that he arbitrate disputes relating to on-the-job injuries. Solano opposed arbitration on the ground that the arbitration agreement was illusory because Lucchese had the unilateral

---

[1] The opinion will refer to the Appellants collectively as Lucchese.

right to amend or terminate the Plan without notice. The trial court denied the motion to compel arbitration. On May 26, 2010, this court denied Lucchese's petition for mandamus relief because we concluded that the agreement to arbitrate was illusory. *In re Lucchese, Inc.*, 324 S.W.3d 214, 217 (Tex.App.--El Paso 2010, orig. proceeding).

On February 11, 2011, Lucchese filed an amended motion to compel arbitration based on a different arbitration agreement which Solano had signed on the same date as the agreement related to the Plan. According to the motion and attached evidence, Lucchese also has a Problem Resolution Plan (the Program) which contains an agreement to arbitrate. The Program requires arbitration of all disputes between Lucchese and Solano whereas the other arbitration agreement relates only to disputes concerning the Plan. Under the Program, both Lucchese and Solano waived the right to trial by judge or jury and agreed that all claims covered by the Program would be arbitrated unless both parties waived the right to arbitrate in writing prior to the initiation of any litigation. The Program defined "covered disputes" as including tort claims for physical, mental, or psychological injury, without regard to whether the injury was allegedly sustained in the course and scope of employment. The Program also provided that it was governed by the Federal Arbitration Act.

In addition to the evidence related to the Program, Lucchese attached evidence showing that Lucchese had amended the Plan on September 29, 2004 to provide that the participants would be given notice of amendments or termination of the arbitration agreement. Further, any changes would not affect a claim related to an injury occurring prior to the amendment or termination. This amendment of the Plan occurred almost a year before Solano became employed by Lucchese and before he agreed to arbitrate certain disputes as a condition of his employment.

In his response to the amended motion to compel arbitration, Solano argued that the trial court should strike the amended motion and enter an order finding that Lucchese had waived its right to compel arbitration because it had failed to exercise due diligence in presenting the issue and evidence to the trial court. He also asserted that Lucchese should not be allowed to "reopen" because it had not used due diligence in obtaining the evidence. Additionally, Solano relied on the doctrine of equitable estoppel and argued that Lucchese should be estopped from filing an amended motion to compel arbitration. After a brief hearing, the trial court granted Solano's motion to strike. Lucchese filed notice of accelerated appeal from the interlocutory order. In its brief, Lucchese has included an alternative petition for writ of mandamus in the event we determine that we lack jurisdiction of the interlocutory appeal. We will address the jurisdictional issue first.

## JURISDICTION OF THE INTERLOCUTORY APPEAL

Appellate courts generally have jurisdiction over final judgments, and such interlocutory orders as the Legislature deems appealable by statute. *Hernandez v. Department of Family and Protective Services*, --- S.W.3d ----, 2012 WL 1647984 at *1 (Tex.App.-- El Paso 2012, no pet. h.); *see* TEX.CIV.PRAC.&REM.CODE ANN. § 51.012 and § 51.014 (West Supp. 2011). We strictly apply statutes authorizing interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez*, 340 S.W.3d 444, 447-48 (Tex. 2011).

Relying on Section 51.016 of the Civil Practice and Remedies Code and Section 16 of the FAA, Lucchese contends that we have jurisdiction of this appeal because the trial court's order striking the amended motion to compel arbitration effectively denied the motion. Section 51.016

- 3 -

provides, in relevant part, that in a matter subject to the Federal Arbitration Act,[2] a person may take an appeal to the court of appeals from an interlocutory order of a district court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. § 16. TEX.CIV.PRAC.&REM.CODE ANN. § 51.016. The Program expressly provides that it is adopted pursuant to and is governed by the Federal Arbitration Act. Parties may expressly agree to arbitrate under the FAA. *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011).

The United States Supreme Court stated in *Green Tree Financial Corporation v. Randolph* that the FAA generally permits immediate appeal of orders hostile to arbitration but bars appeal of interlocutory orders favorable to arbitration. *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 86, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000); *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 839 (Tex. 2009). Section 16 of the FAA specifies the types of orders which may be appealed. 9 U.S.C.A. § 16(a)(1)(C)(West 2009). An appeal may be taken from:

(1) an order--

(A) refusing a stay of any action under section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration to proceed,

(C) denying an application under section 206 of this title to compel arbitration,

(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

---

[2] 9 U.S.C.A. §§ 1-16 (West 2009).

We strictly apply statutes authorizing interlocutory appeals. *See Texas La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 878 (Tex.App.--Houston [14th Dist.] 2011, no pet.). The substance and function of the order being appealed controls our interlocutory jurisdiction. *Id.*

Solano argues that we lack jurisdiction of this appeal because Lucchese's amended motion to compel arbitration is actually a motion to reconsider the trial court's prior ruling. Appellate courts have held that while Section 51.016 and Section 16 of the FAA permit an appeal from an order refusing to compel arbitration, it does not provide for an appeal from an order denying a motion to reconsider. *See Wells Fargo Bank, N.A. v. Goldberg*, No. 09-10-00386-CV, 2011 WL 662952 at *2 (Tex.App.--Beaumont Feb. 24, 2011, no pet.)(dismissing appeal from denial of motion to reconsider an order denying motion to compel arbitration); *Nabors Well Services Company v. Aviles*, No. 06-10-00018-CV, 2010 WL 2680087 (Tex.App.--Texarkana 2010, no pet.)(dismissing appeal from denial of amended motion to compel arbitration because the amended motion was not a new motion but was in substance a motion to reconsider the prior ruling); *Hydro Management Systems, LLC v. Jalin, Ltd.*, No. 04-09-00813-CV, 2010 WL 1817813 (Tex.App.--San Antonio 2010, no pet.)(holding that Section 16 of the FAA permits an appeal from an order denying a motion to compel arbitration but not from an order denying a motion to reconsider, and therefore, order denying motion to reconsider was not independently appealable).

The instant case is distinguishable because Lucchese based its amended motion to compel arbitration on an agreement which had not previously been offered as a basis for its motion to compel arbitration. It is not merely a different version of the Plan's arbitration agreement. It is a separate and distinct agreement which stands on its own. Thus, Lucchese did not ask the trial court to reconsider its prior ruling. It instead moved the trial court to compel arbitration based on

a different agreement. Thus, the amended motion included "new matter". *See* TEX.R.CIV.P. 62 (defining the object of an amendment of a pleading to include pleading new matter, in addition to that formerly pleaded).

Solano next complains that we do not have jurisdiction of this appeal because the trial court did not rule on Lucchese's amended motion to compel arbitration and the FAA does not authorize an appeal from an order striking a motion to compel arbitration. This argument presents a difficult question. On the one hand, the record does not reflect that the court conducted a hearing on the merits of the amended motion to compel arbitration nor does it show that the court expressly or even impliedly ruled on that motion. Instead, the trial court conducted a hearing on Solano's motion to strike and the court ruled on that motion. The parties did not present any evidence related to the merits of Lucchese's amended motion to compel arbitration. To the contrary, Solano's counsel made clear that if the court denied his motion to strike, he would need to engage in discovery related to the Program's arbitration agreement because it had not been produced by Lucchese in response to discovery requests. On the other hand, the effect of the trial court's order is to permanently foreclose arbitration. One of the arguments relied on by Solano is that Lucchese waived its right to arbitrate. Waiver is a ground utilized by plaintiffs to avoid arbitration. *See e.g., EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87 (Tex. 1996). We conclude that the trial court's order striking the amended motion to compel arbitration is the functional equivalent of an order denying the motion. Accordingly, we conclude that we have jurisdiction to review this interlocutory order by virtue of Section 51.016 and Section 16(a)(1)(C) of the FAA.

Even if we are incorrect in our resolution of the jurisdiction issue, we would not dismiss the appeal but would review the issues raised by Lucchese under the mandamus standard of

review because Lucchese requested that we treat its brief as a mandamus petition in the event we find that we do not have jurisdiction to review the interlocutory order. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452 (Tex. 2011)(impermissible interlocutory appeal from order appointing an arbitrator would be considered as a petition for writ of mandamus, where seller invoked the court of appeals' appellate jurisdiction by specifically requesting that its appeal be treated as a mandamus petition). We would review the issues for a clear abuse of discretion. *See In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004).

## AUTHORITY TO STRIKE LUCCHESE'S
## AMENDED MOTION TO COMPEL ARBITRATION

Lucchese argues in its sole issue that the trial court abused its discretion by striking its amended motion to compel arbitration and by refusing to compel arbitration. Given that the trial court did not consider the merits of Lucchese's motion to compel arbitration, we will not address the latter argument but will instead restrict our review to the trial court's decision to strike Lucchese's motion to compel arbitration.

### *Standard of Review*

Under the abuse of discretion standard, an appellate court may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). When undertaking this review, we may not substitute our judgment for that of the trial court with respect to resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992)(orig. proceeding); *see also Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 242 (Tex. 1985). While a trial court does not abuse its discretion merely because it decides a discretionary matter differently from an appellate court, a trial court has no discretion in determining the law or its application. *Walker*, 827

S.W.2d at 840. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840.

*Authority to Strike Pleadings*

Lucchese contends that the trial court did not have authority to strike its amended motion to compel arbitration. Under the Rules of Civil Procedure, courts are authorized to strike a party's pleadings in a limited variety of situations. For example, a court is required to strike a party's pleadings under TEX.R.CIV.P. 12 if an attorney fails to show sufficient authority to prosecute or defend a suit on behalf of a party and no person who is authorized to prosecute or defend appears. A court may strike a groundless and false pleading. TEX.R.CIV.P. 13. A court is also authorized to strike a third party claim. TEX.R.CIV.P. 38(a). A plea in intervention is subject to being stricken by the court for sufficient cause on the motion of any party. TEX.R.CIV.P. 60. As another example, a court may strike a pleading filed after a deadline imposed by a pre-trial order. *See* TEX.R.CIV.P. 166(p). The Rules of Civil Procedure also authorize trial courts to sanction a party for failure to comply with a discovery request by striking pleadings or by entering an order refusing to allow the disobedient party from supporting designated claims or defenses, or prohibiting him from introducing designated matters in evidence. TEX.R.CIV.P. 215.2(b)(5).

Solano argued that the court should strike Lucchese's amended motion to compel arbitration and refuse to consider the evidence attached to the amended motion on the grounds that:

1) Lucchese waived its right to assert the new grounds alleged in his amended motion to compel arbitration;

2) Lucchese did not exercise due diligence in presenting new arguments and evidence, and therefore, the court should not permit Lucchese to "reopen" the arbitration issue; and

3) Lucchese is estopped from reopening the arbitration issue.

We will address these arguments in order.

*Waiver*

Solano argued in his motion to strike that Lucchese waived its right to compel arbitration under the Program's arbitration agreement because it did not present that argument or the evidence to the trial court in the first motion to compel arbitration. The Texas Supreme Court rejected a similar argument in *In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67, 68 (Tex. 2005). In that case, the defendant filed a motion to compel arbitration based only on the Texas Arbitration Act and later filed a motion to reconsider based on new grounds under the Federal Arbitration Act. The Court held that the defendant did not waive its right and was not estopped from seeking to compel arbitration. *Id.* Here, Lucchese first moved to compel arbitration under the Injury Benefit Plan's arbitration agreement and later moved to compel arbitration based on a new ground, namely, the Problem Resolution Program's arbitration agreement. We conclude that Lucchese did not waive its right to arbitrate by not raising both grounds for arbitration in the original motion to compel arbitration.

In the arbitration context, a party waives its right to compel arbitration by substantially invoking the judicial process to the other party's detriment or prejudice. *In re Fleetwood Homes of Texas, L.P.*, 257 S.W.3d 692, 694 (Tex. 2008)(orig. proceeding); *In re ReadyOne Industries, Inc.*, 294 S.W.3d 764, 772 (Tex.App.--El Paso 2009, orig. proceeding). There is a strong presumption against waiver of arbitration. *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998)(orig. proceeding). Waiver is a legal question for the court based on the totality of the circumstances, and asks whether a party has substantially invoked the judicial process to an opponent's detriment, the latter term meaning inherent unfairness caused by "a party's attempt to

have it both ways by switching between litigation and arbitration to its own advantage." *In re ReadyOne*, 294 S.W.3d at 772, *quoting Perry Homes v. Cull*, 258 S.W.3d 580, 597 (Tex. 2008). Waiver must be decided on a case-by-case basis, and courts should look to the totality of the circumstances involved. *In re ReadyOne*, 294 S.W.3d at 772. We consider factors such as when the movant knew of the arbitration clause, how much discovery has been conducted, who initiated it, whether it related to the merits rather than arbitrability or standing, how much of it would be useful in arbitration, and whether the movant sought judgment on the merits. *Perry Homes*, 258 S.W.3d at 591-92; *In re ReadyOne*, 294 S.W.3d at 772.

There has been no showing that Lucchese substantially invoked the judicial process or that Lucchese has switched between litigation and arbitration to its own advantage. The record instead reflects that Lucchese's efforts have been consistently directed at compelling arbitration. Solano filed suit on March 13, 2007. Lucchese included a demand for arbitration in its original answer and moved to compel arbitration on April 7, 2008. The parties engaged in discovery but it was limited to the issue of arbitrability. The trial court denied the motion to compel arbitration on January 8, 2009 and Lucchese challenged that ruling by filing a mandamus petition in this Court. We denied mandamus relief on May 26, 2010 and overruled the motion for rehearing on June 30, 2010. *In re Lucchese, Inc.*, 324 S.W.3d 214 (Tex.App.--El Paso 2010, orig. proceeding). Lucchese filed its amended motion to compel arbitration on February 11, 2011. There is no evidence that Lucchese engaged in discovery or took any other actions between June 2010 and February 2011 which could be characterized as invoking the judicial process. It is true that a considerable amount of time elapsed between the filing of the original and amended motions to compel arbitration and Lucchese has not offered any explanation for its failure to raise both arbitration agreements in its original motion, but a party does not waive its right to

- 10 -

arbitration by mere delay. *See Prudential Securities, Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995). Instead, the party urging waiver must establish that any delay resulted in prejudice. *Id.* Solano has not demonstrated how Lucchese's delay in moving to compel arbitration under the Program's arbitration agreement has resulted in prejudice. Consequently, we are unable to conclude that Solano has overcome the strong presumption against finding a waiver of arbitration. Solano's waiver argument does not support the trial court's ruling.

*Reopening the Evidence*

Solano's motion to strike also asserted that Lucchese could not "reopen" the arbitration issue and introduce new evidence because it had not exercised due diligence in obtaining the new evidence. Solano relied on TEX.R.CIV.P. 270 and *AXA Financial, Inc. v. Roberts*, No. 08-07-00079-CV, 2007 WL 2403210 (Tex.App.--Austin 2007, orig. proceeding) to support this contention. Rule 270 provides that:

> When it clearly appears to be necessary to the due administration of justice, the court may permit additional evidence to be offered at any time; provided that in a jury case no evidence on a controversial matter shall be received after the verdict of the jury.

Rule 270 is one of nine rules found in the section of the Rules of Civil Procedure addressing the conduct of trial. *See* TEX.R.CIV.P. 263 (providing for trial on agreed statement of facts); TEX.R.CIV.P. 264 (providing for all testimony and evidence to be presented by videotape); TEX.R.CIV.P. 265 (setting the order of proceedings on trial by jury); TEX.R.CIV.P. 266 (plaintiff has the right to open and close both evidence and argument unless the defendant has the burden of proof); TEX.R.CIV.P. 267 (witnesses placed under the "Rule"); TEX.R.CIV.P. 268 (motion for instructed verdict); TEX.R.CIV.P. 269 (addressing closing argument).

In *AXA Financial*, a Chapter 7 bankruptcy trustee filed suit against several defendants on behalf of the bankruptcy estate of Kent Abney. The claims arose out of Abney's association and

employment relationship with the defendants. The defendants filed a motion to compel arbitration before the National Association of Securities Dealers based upon a Uniform Application for Securities Industry Registration or Transfer ("Form U-4") executed by Abney in 1987. The defendants did not include the 1987 Form U-4 as evidence in support of their motion, but they attached an amended U-4 signed in 2005. When Abney signed the 2005 U-4, he expressly refused to consent to pre-dispute arbitration and reserved his right to file suit. Prior to the hearing, the parties entered into a Rule 11 agreement whereby the defendants agreed to limit their evidence to that attached to the motion to compel. The trial court subsequently denied the motion to compel arbitration with prejudice based upon a finding that the defendants had not carried its burden to establish a valid agreement to arbitrate the disputed claims. The defendants filed a motion to reconsider and attached Form U-4s allegedly signed by Abney in 1989, 1994, and 2003. The U-4s contained language that Abney had agreed to arbitrate any dispute with his firm. The trial court denied the motion to reconsider.

The defendants appealed under the Texas Arbitration Act and filed a mandamus petition under the FAA. The Austin Court of Appeals dismissed the appeal for want of jurisdiction because the notice of appeal was untimely, but the court addressed the issues raised in the mandamus petition. *AXA Financial*, 2007 WL 2403210 at *3-4. The Court of Appeals concluded that the documents attached to the motion to compel arbitration did not support compelling Abney to arbitrate his claims. *Id.* at *6. With respect the motion to reconsider, the Court noted that the defendants attached new evidence but did not raise any new ground for compelling arbitration. *Id.* at *6. The defendants cited Rule 270 in support of their argument that the additional evidence was properly before the trial court, but the Court of Appeals held that the defendants had not shown due diligence in obtaining the evidence. *Id.* at *7.

Additionally, the Court held that the trial court did not abuse its discretion by denying the motion to reconsider because the Rule 11 Agreement limited the defendants to the evidence attached to its motion to compel. *Id.* at *7-8.

*AXA Financial* is the only case we have found applying Rule 270 to a court's ruling on a motion to compel arbitration and the Court of Appeals did so in direct response to the relators' argument based on the rule. Given that a court's ruling on a motion to compel arbitration is a pre-trial matter, we conclude that Rule 270 is inapplicable. We decline to follow *AXA Financial*. The trial court abused its discretion by impliedly finding that Lucchese could not "re-open" the arbitration issue based on Rule 270.

### *Doctrine of Equitable Estoppel*

Solano also alleged that Lucchese was estopped from filing an amended motion to compel arbitration because Lucchese had failed to disclose the Program's arbitration agreement in response to his written discovery requests and had failed to include the evidence in its original motion to compel. The doctrine of equitable estoppel requires (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representation. *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515-16 (Tex. 1998); *Enchilada's Northwest, Inc. v. L & S Rental Properties*, 320 S.W.3d 359, 365 (Tex.App.--El Paso 2010, no pet.). We understand Solano to argue that Lucchese's failure to produce the Program's arbitration agreement at an earlier date and in response to discovery requests constituted concealment of material facts. Solano failed to prove that Lucchese intended for him to act on the concealment, he had no knowledge of the existence of the Program's arbitration

agreement and no means to obtain knowledge of the fact, or he detrimentally relied on the representation. Consequently, the trial court's order cannot be supported by a finding of equitable estoppel.

*Discovery Sanction*

Solano's counsel stated on the record below that Lucchese failed to produce the Program's arbitration agreement in response to written discovery requests. But Solano did not make any request that the trial court strike the amended motion or issue an order refusing to allow Lucchese to support its amended motion to compel arbitration with the evidence as a sanction for failure to comply with a discovery request. *See* TEX.R.CIV.P. 215.2(b)(4), (b)(5). Appellate counsel has repeated these assertions and urges that the trial court could have exercised its discretion not to reconsider the arbitration issue because, Lucchese failed to "explain how Hilda Matthews could testify such 'new' evidence was 'kept in the regular course of business' of Lucchese, yet was not produced or disclosed during discovery on the arbitration issue." To the extent Solano's brief can be read as arguing that the trial court struck the amended motion as a discovery sanction under Rule 215.2(b), we conclude that he did not present this specific argument to the trial court for a ruling. Consequently, it is not a basis for upholding the trial court's order.[3]

None of the arguments made by Solano supports the trial court's order striking the amended motion to compel arbitration. Accordingly, we conclude that the trial court abused its discretion by granting the motion to strike. If we reviewed this issue under the mandamus standard, we would find that the trial court clearly abused its discretion. Issue One is sustained. We reverse the trial court's order striking the amended motion to compel arbitration and remand

---

[3] In the event Solano raises the discovery sanction issue on remand to the trial court, our opinion should not be read as expressing any opinion on the merits of that issue.

the cause to the trial court for proceedings consistent with this opinion.

June 27, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.